UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HONEYWELL SAFETY PRODUCTS USA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>STUDEBAKER DEFENSE GROUP, LLC,<br><br>Defendant. | Case No. 21-7484 |

Plaintiff Honeywell Safety Products USA, Inc. ("Honeywell"), as and for its Complaint against Defendant Studebaker Defense Group, LLC ("Studebaker"), says as follows:

### THE PARTIES

1. Honeywell is a Delaware corporation with its principal place of business located at 300 South Tryon Street, Charlotte, North Carolina.

2. Studebaker is a Delaware limited liability corporation with its principal place of business located at 202 Tribble Gap Road, Cumming, Georgia.

3. Upon information and belief, none of the members of Studebaker are citizens of Delaware or North Carolina.

### JURISDICTION AND VENUE

4. Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332(a), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

5. Personal jurisdiction exists over Studebaker in this Court because the parties consented to such jurisdiction via their agreement that the applicable law and forum for any dispute arising out of the contract at issue are the federal or state courts of New York, New York.

6. Venue is proper in this district based on the Parties' agreement that the applicable law and forum for any dispute arising out of the contract at issue are the federal or state courts of New York, New York.

## FACTUAL ALLEGATIONS

7. On or around August 21, 2020, Honeywell entered into a non-exclusive Distributor Agreement with Studebaker pursuant to which Studebaker agreed to purchase Honeywell Personal Protective Equipment ("PPE") for distribution to third parties (the "Distributor Agreement").

8. The PPE included N95 face masks, which Studebaker agreed to sell to third parties pursuant to the terms and conditions of the Distributor Agreement.

9. Under the Distributor Agreement, Studebaker also agreed to Honeywell's Terms and Conditions of Sale, which explicitly state that purchase orders made by Studebaker cannot be cancelled except with Honeywell's express consent.

10. Studebaker also agreed that, if it was delinquent on its payments, Honeywell had the right to, among other things, impose late charges, withhold any amounts payable to Studebaker, and recover all costs of collection, including attorneys' fees.

11. Studebaker began issuing purchase orders for PPE on or around September 2020.

12. On December 17, 2020, Studebaker issued a purchase order for 2,937,600 N95 face masks at a price per unit of $1.00, amounting to a total owed to Honeywell of $2,937,600 (the "December 2020 Purchase Order").

13. On January 14, 2021, Studebaker issued a purchase order for 308,000 N95 face masks, amounting to a total owed to Honeywell of $308,244.13 (the "January 2021 Purchase Order").

14. Honeywell delivered the N95 masks purchased under the December 2020 Purchase Order in December 2020 and under the January 2021 Purchase Order in January 2021.

15. Studebaker failed to pay the December 2020 Purchase Order and the January 2021 Purchase Order.

16. Honeywell held $2,065,270.68 in deposits paid by Studebaker and applied those funds toward the payment of the December 2020 Purchase Order and the January 2021 Purchase Order.

17. Studebaker thus owes Honeywell $1,180,573.45 for the unpaid portions of the December 2020 Purchase Order and the January 2021 Purchase Order.

18. Studebaker also issued 13 additional purchase orders for N95 face masks from August 2020 through January 2021, in an amount totaling $14,713,155.26.

19. Studebaker, however, has failed to accept the inventory relating to these additional purchase orders and has failed to pay for the additional purchase orders, despite the fact that the orders are non-cancelable.

20. Studebaker thus owes Honeywell $15,893,728.71.

21. Honeywell has provided multiple written notices to Studebaker regarding its failure to pay, including a Final Notice of the outstanding balances dated March 25, 2021, but Studebaker failed to pay the amounts it owes.

22. Honeywell and Studebaker also engaged in the executive escalation dispute resolution process provided for in the Terms and Conditions of the Distributor Agreement prior to filing suit, but no resolution has been reached.

### FIRST CAUSE OF ACTION
### BREACH OF CONTRACT

23. Honeywell reasserts and realleges the foregoing allegations as if set forth in full herein.

24. Honeywell and Studebaker entered into a valid and enforceable agreement pursuant to which Honeywell agreed to sell and Studebaker agreed to purchase N95 face masks.

25. Studebaker agreed that any purchase orders it issued could not be cancelled without Honeywell's consent.

26. Studebaker issued the December 2020 Purchase Order, the January 2021 Purchase Order, and additional purchase orders for the purchase of N95 masks.

27. Honeywell did not cancel any of the purchase orders issued by Studebaker.

28. Studebaker is obligated to pay Honeywell $15,893,728.71.

29. Studebaker has failed to pay Honeywell the $15,893,728.71 that it owes.

30. Because of Studebaker's breach of its obligations under the Distributor Agreement, Honeywell has suffered and will continue to suffer damages.

WHEREFORE, Honeywell is entitled to entry of judgment in its favor and against Studebaker for breach of contract in the amount of $15,893,728.71, plus attorneys' fees, costs, and interest.

### SECOND CAUSE OF ACTION
### UNJUST ENRICHMENT

31. Honeywell reasserts and realleges the foregoing allegations as if set forth in full herein.

32. Honeywell pleads this cause of action for unjust enrichment in the alternative to the first cause of action for breach of contract with respect to the N95 masks that have been delivered to Studebaker by Honeywell.

33. Studebaker has received a direct benefit from Honeywell by retaining the N95 masks Honeywell shipped to Studebaker.

34. Studebaker has not compensated Honeywell for the N95 masks that Studebaker received from Honeywell.

35. It would be unjust for Studebaker to retain the benefit of the N95 masks that Studebaker received from Honeywell without compensating Honeywell.

36. Thus, Studebaker has been unjustly enriched to the detriment of Honeywell.

WHEREFORE, Honeywell is entitled to entry of judgment in its favor and against Studebaker for unjust enrichment with respect to the N95 masks that have been delivered by Honeywell.

## JURY DEMAND

Honeywell hereby demands a trial by jury on all issues.

Dated: Newark, New Jersey
September 8, 2021

**K&L GATES LLP**

s/ Loly G. Tor
Loly G. Tor, Esq.
loly.tor@klgates.com
One Newark Center, 10th Floor
Newark, NJ 07102
P: 973-848-4000
F: 973-848-4001
*Attorneys for Plaintiff Honeywell Safety Products USA, Inc.*